HADLEY (ATWATER v.). See Case No. 639.

HADLEY (CAMPBELL v.). See Case No. 2,-358.

HADLEY (HARRISON v.). See Case No. 6,-137.

## Case No. 5,895.

### Ex parte HADRY.

[2 Cranch, C. C. 364.] [1]

Circuit Court, District of Columbia. Nov. Term, 1822.

INSOLVENCY—DISCHARGE — PRODUCTION OF BOOKS OF ACCOUNT.

Upon the trial of an issue upon allegations filed by the creditors of an insolvent debtor to prevent his discharge, he must produce his books of account, if called for.

Upon the application of Henry Hadry to CRANCH, Chief Judge, for a discharge under the act for the relief of insolvent debtors within the District of Columbia, he appointed the 2d Monday of November, for that purpose, when the court was in session.

Mr. A. C. Cazenove, one of his creditors, filed allegations of fraud, and petitioned the court for a jury, which was ordered accordingly.

On the trial of the issue upon his allegations, the counsel of Mr. Cazenove called upon the petitioner to produce his books of account. The petitioner stated that he had them ready to produce, if the court should order him to produce them, but he did not mean voluntarily to produce them, to gratify his creditors.

THE COURT (THRUSTON, Circuit Judge, absent) ordered the books to be produced; and observed that the petitioner when he makes application to the judge, must offer to surrender all his property, effects and evidences of debts, and is presumed to have them ready to be produced, and before his discharge must deliver them to the trustee. Allegations of fraud may as well be filed after his discharge as before; and if filed after, the books would be evidence.